# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JASON D. KEPLINGER,<br><br>               Plaintiff,<br><br>        v.<br><br>KERN COUNTY, *et al.*,<br><br>               Defendants. | Case No.  1:25-cv-00891-BAM<br><br>ORDER DIRECTING CLERK OF COURT TO RANDOMLY ASSIGN DISTRICT JUDGE<br><br>FINDINGS AND RECOMMENDATIONS REGARDING DISMISSAL OF ACTION FOR FAILURE TO PROSECUTE AND FAILURE TO OBEY A COURT ORDER<br><br>**FOURTEEN (14) DAY DEADLINE** |

## I.  Background

Plaintiff Jason D. Keplinger is a county jail inmate proceeding *pro se* in this civil rights action pursuant to 42 U.S.C. § 1983.  Plaintiff initiated this action on April 23, 2025, together with an application to proceed *in forma pauperis*, in the Sacramento Division of the Eastern District of California.  (ECF Nos. 1, 2.)  The action was transferred to this Court on July 17, 2025.  (ECF No. 5.)

On July 22, 2025, the Court issued an order requiring Plaintiff to file a certified copy of his inmate trust account statement for the past six months or, in the alternative, to pay the $405.00 filing fee for this action within thirty days of service of the order.  (ECF No. 7.)  Plaintiff was

1

warned that the failure to comply with the Court's order would result in dismissal of this action without prejudice. (*Id.*) The order was served on Plaintiff at his current address of record at the Kern County Jail in Bakersfield, California. On August 5, 2025, the Court's order was returned as "Undeliverable, NIC, Unable to Forward, Return to Sender."[1]

The deadline for Plaintiff to respond to the Court's order has now expired, and Plaintiff has not filed a notice of change of address or otherwise communicated with the Court.

## II.    Failure to Prosecute and Failure to Obey a Court Order

### A. Legal Standard

Plaintiff is required to keep the Court apprised of his current address at all times. Local Rule 183(b) provides:

> **Address Changes.** A party appearing in propria persona shall keep the Court and opposing parties advised as to his or her current address. If mail directed to a plaintiff in propria persona by the Clerk is returned by the U.S. Postal Service, and if such plaintiff fails to notify the Court and opposing parties within thirty (30) days thereafter of a current address, the Court may dismiss the action without prejudice for failure to prosecute.

Federal Rule of Civil Procedure 41(b) also provides for dismissal of an action for failure to prosecute.[2]

Local Rule 110 provides that "[f]ailure . . . of a party to comply with these Rules or with any order of the Court may be grounds for imposition by the Court of any and all sanctions . . . within the inherent power of the Court." District courts have the inherent power to control their dockets and "[i]n the exercise of that power they may impose sanctions including, where appropriate, . . . dismissal." *Thompson v. Hous. Auth.*, 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action, with prejudice, based on a party's failure to prosecute an action, failure to obey a court order, or failure to comply with local rules. *See, e.g.*, *Ghazali v. Moran*, 46 F.3d 52, 53–54 (9th Cir. 1995) (dismissal for noncompliance with local rule); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260–61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring

---

[1] The Court notes that all orders and mail sent by the Court to Plaintiff at his current address have been returned undeliverable. (*See generally* Docket.)

[2] Courts may dismiss actions sua sponte under Rule 41(b) based on the plaintiff's failure to prosecute. *Hells Canyon Pres. Council v. U. S. Forest Serv.*, 403 F.3d 683, 689 (9th Cir. 2005) (citation omitted).

1   amendment of complaint); *Malone v. U.S. Postal Serv.*, 833 F.2d 128, 130–33 (9th Cir. 1987)

2   (dismissal for failure to comply with court order).

3         In determining whether to dismiss an action, the Court must consider several factors:

4   (1) the public's interest in expeditious resolution of litigation; (2) the Court's need to manage its

5   docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of

6   cases on their merits; and (5) the availability of less drastic sanctions. *Henderson v. Duncan*, 779

7   F.2d 1421, 1423 (9th Cir. 1986); *Carey v. King*, 856 F.2d 1439, 1440 (9th Cir. 1988).

8         **B.  Discussion**

9         Here, Plaintiff's address change was due no later than September 4, 2025, and Plaintiff's

10  response to the Court's July 22, 2025 order is also overdue.  Plaintiff has failed to comply with

11  the Court's order or otherwise communicate with the Court.  The Court cannot effectively

12  manage its docket if Plaintiff ceases litigating his case.  Thus, the Court finds that both the first

13  and second factors weigh in favor of dismissal.

14        The third factor, risk of prejudice to defendant, also weighs in favor of dismissal, since a

15  presumption of injury arises from the occurrence of unreasonable delay in prosecuting an action.

16  *Anderson v. Air W.*, 542 F.2d 522, 524 (9th Cir. 1976).  The fourth factor usually weighs against

17  dismissal because public policy favors disposition on the merits.  *Pagtalunan v. Galaza*, 291 F.3d

18  639, 643 (9th Cir. 2002).  However, "this factor lends little support to a party whose

19  responsibility it is to move a case toward disposition on the merits but whose conduct impedes

20  progress in that direction," which is the case here.  *In re Phenylpropanolamine (PPA) Products*

21  *Liability Litigation*, 460 F.3d 1217, 1228 (9th Cir. 2006) (citation omitted).

22        Finally, the Court's warning to a party that failure to obey the court's order will result in

23  dismissal satisfies the "considerations of the alternatives" requirement.  *Ferdik*, 963 F.2d at 1262;

24  *Malone*, 833 at 132–33; *Henderson*, 779 F.2d at 1424.  The Court's Jul7 22, 2025 order expressly

25  warned Plaintiff that his failure to comply with the Court's order would result in dismissal of this

26  action without prejudice.  (ECF No. 7.)  Thus, Plaintiff had adequate warning that dismissal could

27  result from his noncompliance.

28        Additionally, at this stage in the proceedings there is little available to the Court that

1  would constitute a satisfactory lesser sanction while protecting the Court from further
2  unnecessary expenditure of its scarce resources.  Given that Plaintiff has ceased litigating his case
3  and updating his address, the issuance of monetary sanctions or the preclusion of evidence or
4  witnesses is likely to have no effect.  More importantly, given the Court's apparent inability to
5  communicate with Plaintiff, there are no other reasonable alternatives available to address
6  Plaintiff's failure to prosecute this action and his failure to apprise the Court of his current
7  address.  *In re PPA*, 460 F.3d at 1228–29; *Carey*, 856 F.2d at 1441.

### III.   Conclusion and Recommendation

Accordingly, the Court HEREBY ORDERS the Clerk of the Court to randomly assign a District Judge to this action.

Furthermore, the Court finds that dismissal is the appropriate sanction and HEREBY RECOMMENDS that this action be dismissed, without prejudice, for failure to obey a Court order and failure to prosecute.

These Findings and Recommendation will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within **fourteen (14) days** after being served with these Findings and Recommendation, Plaintiff may file written objections with the Court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendation."  **Objections, if any, shall not exceed fifteen (15) pages or include exhibits.  Exhibits may be referenced by document and page number if already in the record before the Court.  Any pages filed in excess of the 15-page limit may not be considered.**  The parties are advised that failure to file objections within the specified time may result in the waiver of the "right to challenge the magistrate's factual findings" on appeal.  *Wilkerson v. Wheeler*, 772 F.3d 834, 838–39 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **September 15, 2025**              /s/ *Barbara A. McAuliffe*
                                             UNITED STATES MAGISTRATE JUDGE